UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

John T. Herbert
Attorney at Law
Law Office of Ferreira & Herbert, LLC
96 Engle Street
Englewood, New Jersey 07631
(201) 490-4070

---

| | |
|---|---|
| JANET E. ALLEN<br>55 Taylor Street<br>Franklin Park, New Jersey 08823<br><br>V.<br><br>KEAN UNIVERSITY<br>1000 Morris Avenue<br>Union, New Jersey 07083<br>(973) 737-5326 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

    COMES NOW PLAINTIFF JANET ALLEN and alleges as follows for her Complaint that on a continuing basis beginning no later than September 2008 and continuing through June, 2009, her former employer, DEFENDANT KEAN UNIVERSITY ("Kean" or the "University") discriminated against her on the basis of her race and/or age in violation of United States and New Jersey law:

### FACTS

1. Plaintiff is an African American female, aged 60. Her birth date is February 22, 1951.

2. Plaintiff earned the following degrees: an Ed. D. in Social and Philosophical Foundations of Education from Rutgers University in January 2011 with concentrations in Education, Culture and Society; and Adult and Continuing Education; an MS in Industrial Relations and Human Resource Management from Rutgers University in 1991; an M.S. Ed. in College Student Personnel Administration from Indiana University in 1975, a B.A. in English Education from The College of New Jersey in 1972; and a Certificate in Distance Education from Thomas A. Edison State College in 2001.

3. Plaintiff also earned her Permanent New Jersey Teaching Certificate in English in 1972 and Certificate of Eligibility for Principal/Supervisor for the State of New Jersey, Department of Education.

4. Plaintiff has over 30 years of higher education experience in student affairs, residence life, student centers, programming, judicial affairs/student conduct, conference services, commuter services, student disability services and served as dean of women. Plaintiff is experienced in budget development and management, assessment, staff training, supervision and evaluation, programming, facility operations, and vendor oversight.

5. Plaintiff's work history began in 1972 and features the following highlights:

    a. In 1972 and 1973 Plaintiff served as an English teacher at Junior High School Number 1 in Trenton, New Jersey;
    b. From 1975 to 1978 Plaintiff served as a Program Coordinator for Group Student Development Services at The College of New Jersey in Trenton, New Jersey;
    c. In 1978 and 1979 Plaintiff served as Dean of Women and Director of Environmental Learning at Paine College in Augusta, Georgia;
    d. From 1979 to 1996 Plaintiff served in a number of progressively more responsible positions, e.g., Assistant Dean and Director of the Livingston College Student Center, Director of Commuter Programs, Assistant Dean for Judicial Affairs and Student Development, Manager of Livingston College Center Summer Conferences at Rutgers University, Livingston College in New Brunswick, New Jersey;

6. From 1996 to 2008 Plaintiff served as Kean's Director of University Center Administration. Plaintiff's supervisor in this position was Janice Murray-Laury ("Laury"), a protected age African American woman whose title was Vice President for Student Affairs and who reported directly to the President of Kean, Dawood Farahi. Mr. Farahi is widely perceived among current and former employees of Kean as a micromanager with a dictatorial temperament who makes unilateral decisions for his staff which they are expected to discharge without question. Mr. Farahi is approximately 61years of age and is of Afghani heritage.

7. As Director of University Center Administration at Kean, Plaintiff was directly responsible for and/or chaired committees responsible for all aspects of University

Center service delivery. Plaintiff was therefore ultimately responsible for all aspects of University Center operations including programs, information desk, reservations, conference services, computer labs and information services, university-wide facility scheduling software, satellite facilities, food service, bookstore operations, the game room, vendor contracts and service delivery. In addition, Plaintiff supervised the professional, administrative, graduate and undergraduate staff of the University Center including the selection and placement of such personnel, and their training, supervision, and performance evaluations. In addition to the foregoing University Center responsibilities, Plaintiff also served as Code of Conduct Hearing Officer and member of the Student Affairs Middle States Accreditation and Homecoming Committees.

8. Plaintiff was a highly active, capable, and effective Director of University Center Administration throughout her tenure with the University. Plaintiff has always received satisfactory to excellent performance evaluations from the beginning of her employment with Kean until it ended on June 30, 2009. Plaintiff never received an unsatisfactory performance evaluation during her employment with Kean.

9. However, in September 2008, Plaintiff was removed from her position as Director of University Center Administration and was told, without explanation or specifics as to Plaintiff's alleged deficiencies, that the reason for her removal was that she was out of touch with the students and did not know enough about the internet. Her supervisor advised Plaintiff, without elaboration, that Kean President Farahi wanted to "take the University Center in another direction." This was all done without Farahi or anyone else on Farahi's staff informing Plaintiff as to the new direction he wanted to take the University Center, and without giving Plaintiff an opportunity to participate in effecting the alleged desired change in direction. Farahi had made up his mind to replace Plaintiff for racial and/or age based reasons. He had no compelling objective basis to remove Plaintiff from her position.

10. Following Plaintiff's removal from the Director of University Center Administration Center position, she was placed into a created position entitled Director Student Affairs Assessment and Campus Life, knowing that it would be funded for only one (1) year. Nonetheless, Plaintiff performed satisfactorily until her employment was terminated in June 2009, which included the development of assessment web pages and participation in the training of staff on using the university's survey software.

11. Plaintiff was replaced in her position as Director of University Center Administration by Matthew Caruso ("Caruso"), a 36 year old, Caucasian male, with little to no management experience and no university center administration experience whatsoever except having once worked there as a student.

12. Caruso was placed in the Director of University Center Administration position without the vacancy in this position having been posted, which thus prevented the consideration for the position of all qualified persons of all races, ages, genders, ethnicities, and religions, in violation of University requirements. Moreover, there was no crisis warranting the immediate removal of the Plaintiff from the position or the immediate placement of Caruso in the position.

13. Caruso is a graduate (B.A.) of Kean University and while a student served as President of both the Undergraduate and Student Governments of Kean. In addition, to being a former University student and former University Center student employee, the University alleges that Mr. Caruso was involved with alumni and the Union, New Jersey Community, and has built relationships with multiple educational, non-profit service organizations and local businesses. The University also alleges that Caruso has developed several outreach programs including a character training program for high school students.

14. Kean further states in justification for its decision to remove Plaintiff from the Director University Center Administration position and to replace her with Caruso is because he is a "dynamic speaker", "good writer" and highly approachable to the student population. The University says Caruso's attributes form a reasonable and lawful basis for its decision to remove the Plaintiff from her position as Director University Center Administration and to replace her with Caruso.

15. However, Kean does not state in any of its airless, unsubstantiated documentation that Plaintiff has failed to build relationships with multiple educational, non-profit service organizations or local businesses nor has Defendant alleged that Plaintiff is not a dynamic speaker, good writer or lacks student approachability. Nor, in fact, could the University have done so, because Plaintiff is at least as qualified in all respects for the Administration position as is Caruso and among other things, namely her education and prior experience before joining Kean, has the additional qualification of actually having served in this position without receiving any adverse performance reviews.

16. Plaintiff asserts that the University's and Farahi's decision to remove her from the Director University Center Administration position was unlawful on its face especially in view of her satisfactory performance over the years and her credentials as forth in the preceding paragraphs of this Complaint. Replacing Plaintiff with Caruso, without proper vetting, was also unlawful and in violation of University policy and regulations because other qualified candidates (diverse and otherwise) were denied an opportunity to apply for the job that was handed as a gift to Caruso.

17. Plaintiff's termination of employment follows a pattern and practice of Defendant unlawfully terminating the employment of African American directors and professionals before and following Plaintiff's termination of employment.

18. To the best of Plaintiff's knowledge information and belief, since September 2008 seventeen African American, protected age men and women directors and professionals have had their employment terminated or retired/resigned under duress by Kean without any reasonable basis other than feigned changes in the strategic direction of departments of programs. Caucasians, non-protected age and younger employees have not been similarly impacted.

19. Plaintiff further has reason to believe and hereby reasserts that many of the termination decisions adversely impacting African American and protected age employees result from favoritism which has negatively impacted African Americans and protected age employees.

20. In any case, Plaintiff was severely impacted by her termination of employment, financially and otherwise both with respect to her earnings and also with respect health care and medical benefits, and retirement income.

21. Laury had no objective reason to remove Plaintiff from the Director University Center Administration position and certainly not to simply place Caruso in the position without going through the normal process of inviting and vetting applicants. Both the decision to replace Plaintiff with Caruso in the Administration position, as well as the unvetted manner in which Caruso replaced Plaintiff, were the acts of Farahi, who took these acts maliciously, unlawfully, intentionally, for racially and age-based discriminatory reasons, and in knowing disregard of Plaintiff's rights under United States and New Jersey law.

## PROCEDURAL HISTORY, JURISDICTION, AND VENUE

22. Plaintiff filed a Charge with the Newark, New Jersey offices of both the EEOC and the New Jersey Division on Civil Rights on July 2, 2009.

23. On February 19, 2010 the parties attempted mediation but could not reach an accord.

24. On November 7, 2011, the EEOC issued Plaintiff a Right to Sue Notice, which Plaintiff actually received on November 10, 2011, informing Plaintiff that it was dismissing her Charge.

25. Plaintiff is filing this action in this Court alleging the violation of her Title VII and ADEA rights by the Defendant based on the foregoing facts, as detailed below, within 90 days of actually receiving this Right to Sue Notice from the EEOC, thereby satisfying this administrative exhaustion requirement.

26. Because Plaintiff asserts claims arising under the laws of the United States, Title 28 of the United States Code at Sections 1331 and 1343(a)(4) and Title 42 USC Section 1981a(c) give this Court jurisdiction over this controversy, the authority to empanel a

jury to determine its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found.  Title 28 USC Section 2201(a) gives this Court the authority to declare the rights and other legal relations of the Plaintiff with respect to the events and controversies that are the subject of this action.  Title 42 USC Sections 1988(b) and (c) give this Court authority to order reimbursement to Plaintiff of her reasonable attorneys' and expert witness fees, and 42 USC Section 1981a(b)(1) authorizes this Court to levy punitive damages against the Defendants. Title 28 USC Section 1367(a) and 42 USC Section 1988(a) grant this Court jurisdiction to adjudicate Plaintiff's claims arising under the New Jersey Law Against Discrimination (the "LAD") and under New Jersey common law principles, and Plaintiff hereby requests that the Court so assert this jurisdiction.

27. Pursuant to 28 USC Section 1391(b) (2), venue is proper in this Court because all of the events giving rise to Plaintiff's claims occurred in this judicial District.

## CLAIMS

### Count One

### ADEA Violations

28. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

29. By the conduct discussed and described in the foregoing paragraphs of this Complaint, specifically, by both her unwarranted removal from the Director University Center Administration position and her replacement in this position by Matthew Caruso, Defendant Kean has violated Plaintiff's rights under the Age Discrimination in Employment Act to be free of unlawful discrimination because or on the basis of her age.

### Count Two

### NJLAD Age Violations

30. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

31. By the conduct discussed and described in the foregoing paragraphs of this Complaint, specifically, by both her unwarranted removal from the Director University Center Administration position and her replacement in this position by Matthew Caruso, Defendants have violated Plaintiff's rights under the New Jersey Law Against

Discrimination (the "LAD") to be free of unlawful discrimination because or on the basis of her age.

## Count Three

### Section 1981

### Racial Discrimination

32. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

33. By the conduct discussed and described in the foregoing paragraphs of this Complaint, specifically, by both her unwarranted removal from the Director University Center Administration position and her replacement in this position by Matthew Caruso, Defendant Kean has violated Plaintiff's rights under Section 1981 of the Civil Rights Act of 1866, as amended, to be free from unlawful discrimination in the making, enforcement of, or performance of terms and conditions under a contract, in this case, her contract of employment as an at-will employee of Kean, because or on the basis of her race.

## Count Four

### Title VII

### Racial Discrimination

34. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

35. By the conduct discussed and described in the foregoing paragraphs of this Complaint, specifically, by both her unwarranted removal from the Director University Center Administration position and her replacement in this position by Matthew Caruso, Defendant Kean has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 to be free from unlawful discrimination because or on the basis of her race.

## Count Five

## LAD

### Racial Discrimination

36. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

37. By the conduct discussed and described in the foregoing paragraphs of this Complaint, specifically, by both her unwarranted removal from the Director University Center Administration position and her replacement in this position by Matthew Caruso, Defendant Kean violated Plaintiff's rights under the New Jersey Law Against Discrimination to be free from unlawful discrimination because or on the basis of her race.

## RELIEF REQUESTED

38. Plaintiff re-alleges each and every paragraph of this Complaint thus far, as though fully set forth here verbatim.

39. Plaintiff prays that to remedy the injuries she has suffered as a result of the Defendants' actions taken in derogation of her rights under the ADEA, Title VII, and the LAD, as described in the foregoing paragraphs of this Complaint, the Court order the following types of relief from each and every Defendant, jointly and severally, according to proof of their contributions therefor:

40. Restoration of Plaintiff's lost salary and benefits;

41. Reinstating Plaintiff to her former or comparable position with Kean at an appropriate salary;

42. Restoration of lost pension contributions. ;

43. Reinstatement of lost sick leave;

44. Lost cost of living payments;

45. Reimbursement and/or the payment of Plaintiff's attorneys fees and costs;

46. Punitive damages against each Defendant who acted with reckless indifference or actual malice against Plaintiff, or with reckless, knowing disregard for her state or federal civil rights;

47. Such other relief as the Court deems appropriate.

48. Plaintiff requests a jury trial for all of her claims.


Respectfully submitted,

*[signature]*

John T. Herbert
Attorney at Law
Law Office of Ferreira & Herbert, LLC
96 Engle Street
Englewood, New Jersey 07631
(201) 490-4070


Counsel for Plaintiff


Dated: 6 February 2012