NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET E. ALLEN, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 12-727 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| KEAN UNIVERSITY, | November 30, 2012 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Counts One, Two, Three and Five of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I. BACKGROUND**

Plaintiff Janet Allen is an African-American woman and is sixty years old.[1] (Compl. ¶ 1.) From 1996 to 2008 she served as Director of the University Center at Kean University. (*Id.* ¶ 6.) Plaintiff contends that in September 2008 she was removed from her position and offered a one year contract in the position of Director of Student Affairs Assessment and Campus Life, which she accepted. (*Id.* ¶ 10). That position expired at the end of the one year contract term. (*Id.* ¶ 10). On July 2, 2009, Plaintiff filed a charge with the Newark, New Jersey

---

[1] The allegations drawn from the Complaint are presumed to be true for the purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

offices of both the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("NJDCR"). (*Id.* at ¶ 22; Def. Br. Ex. B).  On August 11, 2009, Plaintiff executed an Addendum to Charge of Discrimination ("ACD") in order to file an additional claim with the NJDCR under the New Jersey Law Against Discrimination ("NJLAD").[2]  The ACD clearly stated that "[t]he purpose of this Addendum is to permit the charging party to complete the process of filing a discrimination charge with the NJDCR." (Def. Br. Ex. B).  The processing and investigation of Plaintiff's NJDCR charge was then conducted by the EEOC, along with her Title VII claim.  On November 7, 2011 the EEOC rendered a determination that it was "unable to conclude that the information obtained establishes violations of the statutes." (*Id.*).  Subsequently, the NJDCR adopted the EEOC's determination and both the EEOC and the NJDCR closed their files. (*Id.*).

On February 6, 2012, Plaintiff filed the Complaint in this Court.  In lieu of an Answer to the Complaint, Defendant moved to dismiss Counts One, Two, Three and Five of Plaintiff's Complaint.  In her Opposition Brief, Plaintiff voluntarily withdrew Counts One and Three.  Accordingly, the Court must decide the motion to dismiss Counts Two and Five, which are Plaintiff's NJLAD claims.[3]

**II. STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim

---

[2] Pursuant to the Worksharing Agreement between the EEOC and the NJDCR, a party may file charges under both state and federal law.  Those charges are then investigated in the first instance by a single agency—here, the EEOC. (*See* Def. Br. Ex. B.)

[3] Count Four of the Complaint, which the Defendant has not moved to dismiss, alleges a claim for employment discrimination under Title VII. (Def. Br. Ex. A).

requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

### III. DISCUSSION

Defendant argues that Counts Two and Five of Plaintiff's Complaint—the NJLAD age and race discrimination claims, respectively—must be dismissed pursuant to the NJLAD's exclusivity provision and election of remedies under N.J.S.A. 10:5-27. (Def. Br. at 4–5).

The NJLAD permits a party to file a lawsuit in New Jersey Superior Court or to file an administrative action with the NJDCR. N.J.S.A. § 10:5-13; *see, e.g.*, *Metzler v. Am.'n Transp. Group*, No. 07-2066, 2008 WL 413311, at *2 (D.N.J. Feb. 13, 2008). However, the party may not do both; instead, she must elect to pursue the complaint in either forum. N.J.S.A. § 10:5-27; *Hernandez v. Region Nine Housing Corp.*, 684 A.2d 1385, 1390 (N.J. 1996). This election of

remedies provision "seeks to prevent parties from having 'a second bite of the apple' by pursuing the alternative route to relief. . . . It seeks to prevent duplication of efforts and forum shopping." *Chugh v. Western Inventory Svs., Inc.*, 333 F.Supp.2d 285, 290 (D.N.J. Jul. 9, 2004) (citing *Wilson v. Wal–Mart Stores,* 158 N.J. 263, 271, 729 A.2d 1006, 1010 (1999); *Ferrara v. Tappan Co.,* 722 F.Supp. 1204, 1205 (D.N.J. Oct. 16, 1989)).  When, as here, a party chooses to file a complaint with the NJDCR, she may not file suit in court while the administrative action is pending, and a final determination by the NJDCR "exclude[s] *any other action,* civil or criminal, based on the same grievance of the individual concerned." N.J.S.A. § 10:5-27 (emphasis added).  A plaintiff may seek appellate review of a NJDCR determination in New Jersey Superior Court; however any other NJLAD action based on the same misconduct, in any forum, is barred. N.J.S.A. § 10:5-21; *Chugh*, 333 F.Supp.2d at 290; *Hernandez*, 684 A.2d at 1389.[4]

In the instant matter, Plaintiff filed claims with the EEOC and NJDCR simultaneously. (Pl. Br. at 1; Def. Br. Ex. B).  The NJDCR then informed Plaintiff that pursuant to the Worksharing Agreement, Plaintiff's NJLAD claim would be investigated by the EEOC, and that the NJDCR ordinarily adopts the EEOC's determination. (Def. Br. Ex. B).  The EEOC subsequently rendered the decision that it was unable to conclude that the information obtained established a violation of the statute, and the NJDCR adopted that determination. (*Id.*).  Based on this conclusion, both agencies closed their files on the matter. (*Id.*)  Plaintiff did not seek

---

[4] By contrast, Title VII requires a plaintiff to bring a claim of discrimination to the EEOC before she may file suit in federal court. *E.g.*, *Longoria v. N.J.*, 168 F. Supp. 2d 308, 314–15 (D.N.J. 2001) (citation omitted); *see also, Cortes v. Univ. of Med. and Dentistry of N.J.*, 391 F. Supp. 2d  298, 309–11 (D.N.J. 2005).

appellate review of the NJDCR's determination with the New Jersey Superior Court. (Pl. Br. at 1; Def. Br. at 1–2).

The parties agree that the NJLAD requires a plaintiff to elect remedies, but they disagree as to whether the NJDCR's decision adopting the EEOC's determination that it was "unable to conclude that the information obtained establishes violations of the statutes" constitutes a final, preclusive determination by the NJDCR. Defendant contends that the NJDCR's decision adopting the EEOC's determination was a final decision on her claim, and that the Plaintiff has accordingly failed to state a claim upon which relief can be granted. Plaintiff contends that only the EEOC—and not the NJDCR—rendered a final determination with regard to Counts Two and Five and therefore Plaintiff is entitled to assert those claims in this Court.

The court in *Metzler* addressed an identical situation. There, the plaintiff filed a joint charge with the EEOC and the NJDCR. *Metzler*, 2008 WL 413311, at *2. After an investigation, the EEOC concluded that the facts were insufficient to support the complaint, and closed its file. *Id.* The NJDCR adopted the EEOC's determination and similarly closed its file. *Id.* The plaintiff did not appeal the NJDCR's decision to the Appellate Court. *Id.* When the plaintiff filed her suit in federal court, the court dismissed her NJLAD claim on elections of remedies grounds, noting the "litany of federal court decisions . . . barr[ing] a plaintiff's subsequent state and federal claims under N.J.S.A. § 10:5-27 after a DCR final determination." *Id.* (citing *Chugh*, 333 F. Supp. 2d at 290–91). In a recent unpublished decision, the New Jersey Superior Court, Appellate Division, confirmed that when the NJDCR adopts the EEOC's determination that there is insufficient evidence of a violation of the law, that determination is final and precludes a plaintiff from filing a NJLAD claim in court based on the same facts. *See*

5

*Cornacchiulo v. Alternative Inv. Solutions LLC*, No. 3191-11, 2012 WL 2285185, at *2–4 (N.J. App. Div. June 19, 2012).

Because Plaintiff's NJLAD claims are based on the same grievance against the Defendant as the claims she raised before the EEOC and NJDCR, they are precluded by the NJLAD's election of remedies and exclusivity provision, N.J.S.A. 10:5-27, and are hereby dismissed.

### IV. CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 30th day of November, 2012,

**ORDERED** that Defendant's Motion to Dismiss Counts Two and Five of Plaintiff's Complaint is **GRANTED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.